UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**AWP, Inc.**  PLAINTIFF

vs.  CIVIL ACTION NO. 3:19-CV-734-CRS

**SAFE ZONE SERVICES, LLC,**  DEFENDANTS
**UNITED ELECTRIC COMPANY, INC.,**
**DANIEL WALSH, MARK HATCHER,**
**SAMANTHA BARTLEY, VIRGINIA**
**GLIDEWELL, DAVID MILLER,**
**AMBER CHEEKS, TONY WHITED,**
**BRIAN SKAGGS, JAMAIZZ BAKER,**
**MARY DECRUZ, GEORGY KIRBY,**
**TIKESHA MCLEAN AND JOHN DOES**
**1 THROUGH 10**

**MEMORANDUM OPINION**

This matter is before the Court on motion for partial dismissal filed by Defendants Safe Zone Services, LLC ("Safe Zone"), United Electric Company, Inc. ("United Electric"), Daniel Walsh, and Mark Hatcher. DN 16. This matter is also before the Court on motion for partial dismissal filed by Defendants Samantha Bartley, Virginia Glidewell, David Miller, Amber Cheeks, Tony Whited, Brian Skaggs, Jamaizz Baker, Mary DeCruz, George Kirby, and Tikesha McLean, DN 17. Plaintiff filed responses to both motions. DN 21; DN 22. Defendants Safe Zone, United Electric, Walsh, and Hatcher filed a reply. DN 23. Defendants Bartley, Glidewell, Miller, Cheeks, Whited, Skaggs, Baker, DeCruz, Kirby, and McLean also filed a reply. DN 24. This matter is now ripe for judicial review. For the reasons stated below, Motion by Defendants Safe Zone, United Electric, Walsh, and Hatcher (and joined by Defendants Bartley, Glidewell, Miller, Cheeks, Whited, Skaggs, Baker, DeCruz, Kirby, and McLean) will be granted in part and denied in part.

DN 16. Motion by Defendants Bartley, Glidewell, Miller, Cheeks, Whited, Skaggs, Baker, DeCruz, Kirby, and McLean will be denied. DN 17.

## I. LEGAL STANDARD

When evaluating a motion to dismiss under Rule 12(b)(6), the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). A claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). Although the complaint need not contain "detailed factual allegations," "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and alteration omitted). "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft*, 556 U.S. at 678 (internal quotation marks and citation omitted).

## II. BACKGROUND

Plaintiff AWP, Inc. ("AWP") is a traffic safety company that supplies customers with traffic control equipment and traffic control services. DN 1 at 5. Plaintiff states that it provides its employees "specialized training courses and instructional materials, pricing, selling and servicing information, regarding customers' and potential customers' servicing history, needs, patterns, and specifications, vendor lists, marketing, development and other business plans, information regarding employee performance, skills and compensation, and other technical, training, financial, operational, and marketing books, reports, manuals," which it refers to as

"Confidential Information." *Id*. at 6–7. Plaintiff states that it requires "employees to execute an agreement prohibiting the solicitation of AWP customers and other AWP employees and prohibiting the employees from accepting employment with direct competitors of AWP for a specific period of time, and prohibiting the disclosure of Confidential Information." *Id*. at 8. Plaintiff alleges that former AWP employees Glidewell, Miller, Cheeks, Whited, Skaggs, Baker, DeCruz, Kirby, and McLean signed employment contracts "as a condition of employment with AWP or as a condition of accepting a promotion and increased wages with AWP." *Id*. Plaintiff alleges that per these contracts, the former employees agreed to the following:

> during their employment, and for a period of twelve months following the last to occur of either (i) their last date of employment, (ii) the date of cessation of their last violation of their respective agreement, or (iii) the date of entry of a final judgment enforcing their respective agreement (the "Restricted Period"), they would not accept employment with a competitor of A WP within a 120-mile driving distance from the location of their "regularly assigned place of duty or office.

DN 1 at 9.

Plaintiff alleges that Defendant United Electric, a former AWP customer, started its own traffic control business called "Safe Zone" in Louisville, Kentucky. DN 1 at 11. Plaintiff alleges that Defendants United Electric, Safe Zone, Walsh, and Hatcher "knowingly and willfully conspired, agreed, and planned with the other defendants to aggressively recruit numerous AWP employees through the use of improper means and for improper purposes that, to date, has resulted in Safe Zone's hiring" of many AWP employees. *Id*. at 11–12. Plaintiff alleges these former AWP employees enriched Safe Zone with AWP's "Confidential Information" and took advantage of customer relationships they developed during their employment with AWP. DN 16-2 at 18.

## III. PROCEDURAL HISTORY

On October 10, 2019, Plaintiff filed a complaint in the Western District of Kentucky enumerating the following Counts:

| Count | Allegation | Defendants |
|---|---|---|
| Count One | Breach of Contract | Virginia Glidewell, David Miller, Amber Cheeks, Tony Whited, Brian Skaggs, Jamaizz Baker, Mary DeCruz, George Kirby, and Tikesha McLean |
| Count Two | Tortious Interference with Contract | United Electric, Safe Zone, Daniel Walsh, Mark Hatcher, Samantha Bartley, Virginia Glidewell, George Kirby, Tony Whited, and David Miller |
| Count Three | Tortious Interference with Business Relationships | All Defendants |
| Count Four | Misappropriation of Trade Secrets - Ky. Rev. Stat. Ann. § 365.880, et. seq. | All Defendants |
| Count Five | Breach of Fiduciary Duty and Duty of Loyalty | George Kirby, David Miller, Amber Cheeks, and Tikesha McLean |
| Count Six | Civil Conspiracy | All Defendants |
| Count Seven | Unjust Enrichment | Safe Zone |
| Count Eight | Accounting | All Defendants |
| Count Nine | Preliminary and Permanent Injunction | All Defendants |
| Count Ten | Punitive Damages | All Defendants |

DN 1 at 20–29. On December 5, 2019, Defendants Safe Zone, United Electric, Walsh, and Hatcher moved for dismissal of Counts Seven through Ten in their entirety, DN 16-2 at 7, and Counts Two, Three, and Six "to the extent that they are based upon any alleged misappropriation of Confidential Information," DN 16-2 at 2. That same day, Bartley, Glidewell, Miller, Cheeks, Whited, Skaggs, Baker, DeCruz, Kirby, and McLean joined the motion to dismiss filed by Safe Zone, United

4

Electric, Walsh, and Hatcher. DN 17 at 1. In their motion, Bartley, Glidewell, Miller, Cheeks, Whited, Skaggs, Baker, DeCruz, Kirby, and McLean also moved for partial dismissal of Plaintiff's cause of action for "Breach of Fiduciary Duty and Duty of Loyalty" to that extent that it is based upon alleged misappropriation of "trade secrets" or "Confidential Information." DN 17 at 2. The Court will address Defendants' motions for partial dismissal of the foregoing Counts of Plaintiff's complaint.

### IV. ANALYSIS

**A. Count Two – Tortious Interference with Contract**
**Count Three – Tortious Interference with Business Relationships**
**Count Five – Breach of Fiduciary Duty and Duty of Loyalty**
**Count Six – Civil Conspiracy**

Plaintiff brings a tortious interference with contract claim against United Electric, Safe Zone, Walsh, Hatcher, Bartley, Glidewell, Kirby, Whited, and Miller. DN 1 at 22; tortious interference with business relationships and civil conspiracy claims against all named and unnamed Defendants, DN 1 at 23–27; and a breach of fiduciary duty and duty of loyalty claim against Kirby, Miller, Cheeks, and McLean, DN 1 at 26. Defendants motion for dismissal of these claims because they are "premised – in substantial part – upon Defendants' alleged misappropriation of 'Confidential Information,' and to that extent, they are…preempted by the [Kentucky Uniform Trade Secrets Act] and must be dismissed." DN 16-2 at 7.

The Kentucky Uniform Trades Secrets Act ("KUTSA") defines "trade secret" as "information, including a formula, pattern, compilation, program, data, device, method, technique, or process, that…derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use." Ky. Rev. Stat. Ann. § 365.880, *et. seq*. The

5

KUTSA "replaces conflicting tort, restitutionary, and other law of this state providing civil remedies for misappropriation of a trade secret," but does not affect "[c]ontractual remedies, whether or not based upon misappropriation of a trade secret." *Id*.

In its complaint, Plaintiff states that "as a result of their employment with AWP, AWP's employees acquire a high level of familiarity with what it defines as "Confidential Information:"

> AWP's unique and specialized training courses and instructional materials, pricing, selling and servicing information, regarding customers' and potential customers' servicing history, needs, patterns, and specifications, vendor lists, marketing, development and other business plans, information regarding employee performance, skills and compensation, and other technical, training, financial, operational, and marketing books, reports, manuals and information.

DN 1 at 6–7. To the extent that Plaintiff's "Confidential Information" is a "trade secret" within the meaning of the KUTSA, *and* Plaintiff's tortious interference with contract, tortious interference with business relationships, breach of fiduciary duty and duty of loyalty, and civil conspiracy claims are based upon the misappropriation of that Confidential Information, Plaintiff's claims *would be* preempted by the KUTSA. However, making rulings about what "would be" is not within the province of this court.

At this juncture, a broad ruling that everything styled by Plaintiff as "Confidential Information" is "trade secret" within the meaning of the KUTSA would be premature. In fact, dismissing any part of the claim based on what *may* be trade secrets before the case has even proceeded to discovery would amount to an improper advisory opinion. *See Locke v. Brown*, No. 3:18-CV-697-RGJ, 2019 U.S. Dist. LEXIS 164273, 2019 WL 4675390, at *5 (W.D. Ky. Sept. 25, 2019) ("Thus, a declaratory judgment by this Court would be nothing more than an advisory opinion, which this Court is prohibited from issuing.") (citation omitted)). Furthermore, "dismissing" Plaintiff's claims "to the extent" that they are preempted would simply restate the law to which both parties already agree. Accordingly, Defendants' motion will be denied.

6

**B. Count Seven – Unjust Enrichment**

Plaintiff brings an unjust enrichment claim against Safe Zone alleging it "received the benefit of acquiring employees that had been provided with AWP's Confidential Information, including AWP's unique and specialized training, and Safe Zone received the benefit of generating revenue from AWP customers or prospective customers." DN 1 at 27. AWP alleges this constituted unjust enrichment because "Safe Zone retained the benefits described above to the detriment of AWP and without payment or reimbursement to AWP." *Id*. at 28.

Defendants argue for dismissal of Plaintiff's unjust enrichment claim because Plaintiff did not directly confer any benefit upon Safe Zone. DN 16-2 at 10. Plaintiff responds that it is "not aware of any state appellate court in Kentucky that has held an unjust enrichment claim requires the direct conferral of a benefit" and argues the "the better application of Kentucky's unjust enrichment law would allow recovery for unjust enrichment when a party realizes benefits at another party's expense, regardless of whether the benefits were directly or indirectly conferred." DN 21 at 8–9.

Under Kentucky law plaintiff's must demonstrate three elements to prevail on an unjust enrichment claim: "(1) benefit conferred upon defendant at plaintiff's expense; (2) a resulting appreciation of benefit by defendant; and (3) inequitable retention of benefit without payment for its value." *Collins v. Ky. Lottery Corp.*, 399 S.W.3d 449, 455 (Ky. Ct. App. 2012) (citing *Jones v. Sparks*, 297 S.W.3d 73, 78 (Ky. App. 2009)). Kentucky courts have held that to meet the first element, the plaintiff must demonstrate that he or she conferred the benefit upon the defendant. *See Pixler v. Huff*, No. 3:11-CV-00207-JHM, 2011 WL 5597327, at *12 (W.D. Ky. Nov. 17, 2011) (collecting cases). Federal courts applying Kentucky law have reached the same conclusion. *See, e.g.*, *Commonwealth of Kentucky v. Marathon Petroleum Co.*, LP, 191 F. Supp. 3d 694, 706 (W.D.

Ky. 2016) ("Kentucky courts have consistently found that the first element not only requires a benefit be conferred upon the defendant, but also that the plaintiff be the party conferring that benefit."); *SAAP Energy v. Bell*, No. 1:12-CV-00098, 2013 WL 4588828, at *2 (W.D. Ky. Aug. 28, 2013) ("Courts of the Western District expressly hold that the benefit must be directly conferred"). AWP alleges Safe Zone "received the benefit of generating revenue from AWP customers…and transferred their business to Safe Zone," DN 1 at 27, and that former AWP employees benefited Safe Zone by using AWP's "substantial relationships and customer goodwill" DN 1 at 18. Plaintiff does not allege that AWP itself conferred any benefit on Safe Zone. Plaintiff's failure to demonstrate how AWP conferred the claimed benefits upon Safe Zone is fatal to its unjust enrichment claim. Accordingly, Plaintiff's unjust enrichment claim against Safe Zone will be dismissed.

### C. Count Eight – Accounting
### Count Nine – Preliminary and Permanent Injunction
### Count Ten – Punitive Damages

Plaintiff pleads Counts Eight through Ten for accounting, injunctive relief, and punitive damages, respectively, against all named and unnamed Defendants. DN 1 at 28–29. Defendants move to dismiss these "causes of action" because they are equitable remedies and "do not give rise to an independent cause of action under Kentucky law." DN 16-2 at 19. Plaintiff agrees that these counts are not individual causes of action but argues that their inclusion in the complaint was appropriate because it placed "Defendants…on notice that AWP is seeking relief in the form of an accounting, injunctions, and punitive damages and, as movants' note, AWP requested this relief elsewhere in the verified complaint." DN 21 at 5. Plaintiff states further that "even if the Court interprets Count VIII, Count IX, and Count X of the verified complaint as asserting independent causes of action that cannot stand on their own, such a finding does not preclude AWP from pursuing an accounting, injunctions, and punitive damages." DN 21 at 5.

As all parties are in accord that these "counts" are not "claims," dismissing them would be, in the words of U.S. Naval Academy coach Eddie Erdelatz, "like kissing your sister." *See* Arthur Daley, Sports of The Times; Before the Army-Navy Game, N.Y. TIMES, Nov. 26, 1954, at 37. The Court finds that Counts Eight Through Ten are neither separate causes of action nor were they pled as "claims" by the Defendant. Therefore, there is nothing to dismiss, and Defendants' motion will be denied.

## V. CONCLUSION

For the reasons discussed herein, Motion by Defendants Safe Zone, United Electric, Walsh, and Hatcher (and joined by Defendants Bartley, Glidewell, Miller, Cheeks, Whited, Skaggs, Baker, DeCruz, Kirby, and McLean), DN 16, will be granted in part and denied in part by separate order. Motion by Defendants Bartley, Glidewell, Miller, Cheeks, Whited, Skaggs, Baker, DeCruz, Kirby, and McLean, DN 17, will be denied by separate order.

April 16, 2020

Charles R. Simpson III, Senior Judge
United States District Court